UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| HOWARD L., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:20-cv-00166-NT |
| ) | |
| ANDREW M. SAUL, Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant ) | |

**REPORT AND RECOMMENDED DECISION**

On Plaintiff's application for disability insurance benefits under Title II of the Social Security Act, Defendant, the Social Security Administration Commissioner, found that Plaintiff has severe impairments but retains the functional capacity to perform substantial gainful activity. Defendant, therefore, denied Plaintiff's request for disability benefits. Plaintiff filed this action to obtain judicial review of Defendant's final administrative decision pursuant to 42 U.S.C. § 405(g).

Following a review of the record, and after consideration of the parties' arguments, I recommend the Court affirm the administrative decision.

**THE ADMINISTRATIVE FINDINGS**

The Commissioner's final decision is the July 18, 2019, decision of the Administrative Law Judge. (ALJ Decision, ECF No. 9-2. )[1] The ALJ's decision tracks the familiar five-step sequential evaluation process for analyzing social security disability

---

[1] Because the Appeals Council found no reason to review that decision (R. 1), Defendant's final decision is the ALJ's decision.

claims, 20 C.F.R. § 404.1520.

The ALJ found that Plaintiff has severe, but non-listing-level impairments consisting of coronary artery disease and status post left shoulder arthroplasty. (R. 19.) The ALJ further found that despite his impairments, Plaintiff has the residual functional capacity (RFC) to perform light work, except that he can occasionally climb, balance, stoop, crouch, and crawl; and he cannot perform overhead reaching with the left arm. (R. 21.)

Based on the RFC finding, Plaintiff's work experience, and the testimony of a vocational expert, the ALJ concluded that Plaintiff can perform past relevant work as a medical technologist. (R. 24.) The ALJ determined, therefore, that Plaintiff was not disabled from May 18, 2017, through the date of the ALJ's decision. (R. 25.)

## STANDARD OF REVIEW

A court must affirm the administrative decision provided the decision is based on the correct legal standards and is supported by substantial evidence, even if the record contains evidence capable of supporting an alternative outcome. *Manso-Pizarro v. Sec'y of HHS*, 76 F.3d 15, 16 (1st Cir. 1996) (per curiam); *Rodriguez Pagan v. Sec'y of HHS*, 819 F.2d 1, 3 (1st Cir. 1987). Substantial evidence is evidence that a reasonable mind might accept as adequate to support a finding. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Sec'y of HHS*, 647 F.2d 218, 222 (1st Cir. 1981). "The ALJ's findings of fact are conclusive when supported by substantial evidence, but they are not conclusive when derived by ignoring evidence, misapplying the law, or judging matters entrusted to experts." *Nguyen v. Chater*, 172 F.3d 31, 35 (1st Cir. 1999).

## DISCUSSION

Plaintiff argues that the ALJ erred when she determined that Plaintiff can perform past relevant work. Plaintiff maintains that his past work is a composite job and that he cannot perform all the demands of the job. Plaintiff contends the ALJ erred when she did not find that his work as a medical technologist was a composite job with the job of a material handler and the job of phlebotomist.

Plaintiff worked as a medical technologist at the Department of Veteran Affairs Togus Medical Center (the VA). In that capacity, Plaintiff worked in the chemistry department where he performed laboratory analysis of blood and urine specimens and would occasionally draw blood for testing. As part of his responsibilities, Plaintiff would regularly lift containers of buffers and reagents, which containers weighed up to 20 pounds. Once each month, the department would receive a large supply of the reagents the department would use for the month. Plaintiff testified that when the office received the monthly supply of reagents, he "would take [] responsibility of unloading all the supplies and putting them into six or so refrigerators." (R. 48.) This process required Plaintiff to lift between 50 to 100 pounds and took about two hours.

At the administrative hearing, a vocational expert testified that Plaintiff's job was not a composite job because the monthly unloading of the materials "was not part of the essential job duties as [Plaintiff] performed as a Medical Technologist on a – daily basis." (R. 71-72.) The ALJ concluded that the stocking of the materials "was not a particular requirement of the medical technologist job." (R. 24.)

"Composite jobs" are jobs that have "significant elements of two or more

3

occupations" and therefore are not substantially encompassed by a specific occupational title in the Dictionary of Occupational Titles. *Tucker v. Berryhill*, No. 2:16-cv-00301-JHR, 2017 WL 2539750, at * 2 (D. Me. June 11, 2017); *Gallant v. Astrue*, No. 2:09-cv-357-GZS, 2010 WL 2927263, at *5 (D. Me. July 20, 2010) (rec. dec., *aff'd* Aug. 10, 2010)). However, if an individual's past relevant work included all of the duties of one occupational title, but also additional duties, it is reasonable for an ALJ to consider at step 4 whether the individual retains the functional capacity to perform all of the duties defined in the DOT occupational title, especially given vocational expert testimony that the definition is how the job is "generally performed." *See*, *e.g.*, *Coehoorn v. Berryhill*, No. 16-cv-373-KS, 2017 WL 1407636, at *7 (C.D. Cal. Apr. 19, 2017).

Here, the ALJ supportably found that Plaintiff's past work did not constitute a composite job. Plaintiff's description of his responsibilities, both in his testimony at the hearing and in disability-related documentation (R. 300, 370), is consistent with the DOT medical technologist definition and supports the classification of the job as that of a medical technologist by both the testifying vocational expert and the ALJ.

> DOT defines the medical technologist position as follows:
>
> Performs medical laboratory tests, procedures, experiments, and analyses to provide data for diagnosis, treatment, and prevention of disease: Conducts chemical analyses of bodily fluids, such as blood, urine, and spinal fluid, to determine presence of normal and abnormal components. Studies blood cells, their numbers, and morphology, using microscopic technique. Performs blood group, type, and compatibility tests for transfusion purposes. Analyzes test results and enters findings in computer. Engages in medical research under direction of MEDICAL TECHNOLOGIST, CHIEF (medical ser.) 078.161-010. May train and supervise students. May specialize in area such as hematology, blood-bank, serology, immunohematology, bacteriology, histology, or chemistry.

4

Dictionary of Occupational Titles § 078.261-038, 1991 WL 646798.

At the hearing, Plaintiff reported that he ran tests on specimens, and started, operated and maintained the testing instruments. (R. 44-47.)  On a social security work background form, Plaintiff identified the duties performed as "[m]edical technologist.  All duties to perform collection, processing and testing specimens, monthly inventory for instruments, maintenance on instruments." (R. 370.) On a disability report form, Plaintiff described the job responsibilities as "[r]un lab tests, assist with hard blood draws, run for stats, cover different work stations.  Up and down pretty much all day while ent[er]ing data in computer.  Machine maintenance and supply inventory." (R. 300.)

Given the DOT definition of the position of medical technologist and the record evidence regarding Plaintiff's job responsibilities, the ALJ's classification of Plaintiff's past relevant work as that of a medical technologist is supportable.  The ALJ's finding that the monthly stocking of materials was "not a particular requirement of the medical technologist job" is also supportable. (R. 24.)  Evidently, no other medical technologist at the VA performs the task.  The task thus is not an essential responsibility of the medical technologist position as performed at the VA.  Additionally, where Plaintiff's predominant work activity includes all the duties defined in the medical technologist occupational title, his willingness to assume responsibility for stocking certain materials does not make his job a composite job.  His job is encompassed within the definition of a medical technologist

and does not have significant elements of two or more occupations.[2]

In sum, the record establishes that Plaintiff's actual performance of past relevant work encompassed the duties found in the DOT's definition of the medical technologist occupation and did not include significant elements of another position. Accordingly, the ALJ did not err when she concluded that Plaintiff's job was not a composite job and that Plaintiff retains the functional capacity to perform the medical technologist occupation as generally performed in the national economy.

## CONCLUSION

Based on the foregoing analysis, I recommend the Court affirm the administrative decision.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 22nd day of February, 2021.

---

[2] This reasoning applies not only to Plaintiff's argument regarding the material handler position, but also to Plaintiff's suggestion that his job included elements of a phlebotomist position. Plaintiff's periodic contribution of his blood drawing skills does not warrant a finding that Plaintiff's medical technologist job was a composite job.